UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN SEATING COMPANY,

    Plaintiff,

-vs-

                        Case No. 01-00578
                        Hon:  AVERN COHN

USSC GROUP, INC., et al.,

    Defendant.
_____/

## SCHEDULING ORDER

1.    This is a patent case.  At issue is U.S. Patent No. 5,888,038 (the '038), and U.S. Patent Nos. 4,417,931 and 5,066,539 (the '931 and '539).  The '038 patent is claimed to be infringed by defendants' VPRo I and VPRo II tie down.  The '931 and '539 patents are claimed to be infringed by defendants' vandal-resistant seat.

2.    Because of the differences in the claimed accused devices, trial on the claim of infringement of the '038 is BIFURCATED from trial on the claims of infringement of the '931 and '539.

3.    The VPRo I tie down has been adjudged to infringe the '038 patent, leaving open for trial the issues of wilfulness and damages.  Accordingly, trial on these issues is BIFURCATED from trial on the claim of infringement of the '038 by the VPRo II tie down.

4.    Liability will be tried separately from wilfulness and damages on the VPRo II tie down and on the vandal-resistant seat, with the trial on liability preceding the trial on wilfulness and damages.  The same jury shall consider these issues in the initial and

February 3, 2003

## Trial Requirements in Patent Cases

1. The Trial hours will generally be 9:00 a.m. to 4:30 p.m. Monday through Thursday and 9:00 a.m. to 1:00 p.m. on Friday.

    A. Final Exhibit lists and Exhibit books shall be provided the Court on the morning of the trial. The Court anticipates a serious effort by the parties to agree on joint exhibits.

    B. Final witness lists shall be provided to the Court on the morning of the trial separately stating witnesses who will be called and who may be called. The lists shall be in tabular form and shall include the name of the witness, a brief description of the position of the witness and the nature of the witnesses' testimony, as well as the time for direct examination of the witness. Testimony by deposition shall be noted.

2. There will be two trials. The first trial will deal with issues of validity and infringement. The second trial (if necessary), preferably to the same jury will deal with issues of willfulness and damages and will follow the conclusion of the first trial after a three week recess. Trial times for the second trial will be set prior to commencement of the trial.

    1. Each juror shall have a notebook that includes a copy of the patent with relevant portions highlighted, a glossary of terms, and such drawings and other exhibits as the parties agree.

    2. The parties shall make every effort to agree upon a stipulation of facts to be placed in the jurors' notebook.

    3. The jury shall consist of ten jurors with a minimum of six jurors necessary to render a verdict. The verdict shall be unanimous. There will be a general verdict accompanied by interrogatories. Fed. R. Civ. P.49 (b).

    4. Thirty venire persons shall be examined in the box with those stricken for cause replaced immediately. Each party shall have ten peremptory challenges. Strikes shall be in five rounds of two each.

    5. The parties shall agree on a juror questionnaire to be provided to the Court at the pretrial conference. The venire will be assembled in advance of trial to fill out the questionnaires, and then excused for the day. The parties shall examine the questionnaires and determine those venire persons who they jointly agree to excuse. The deputy clerk will then draw

the balance of the panel in the order they will be seated and number the questionnaires accordingly. During voir dire, the Court will ask questions tailored to the questionnaire answers and additional questions as may be appropriate. The parties may propose additional voir dire to the Court's customary questions to be provided to the Court at the final pre-trial conference.

6. The parties shall endeavor to agree on preliminary instructions which include a description of the issues and general principles of patent law appropriate to the issues of the case.

7. Colored brochures and the like shall be reproduced in full color only. Exhibit lists shall be kept current daily. Relevant portions of each exhibit shall be highlighted. Listed exhibits are deemed admitted unless expressly objected to in advance of trial. Unless an exhibit is referenced during the course of trial it is not part of the record of the trial.

8. The Court prefers to be provided with cases on relevant points rather than briefs. The rule for which the case stands shall be briefly stated on the title page and relevant portions shall be highlighted. The Court prefers the national reporter system rather than U.S. P.Q., LEXIS or WESTLAW. Academic discussion of relevant law is encouraged.

9. Exhibits to be used in opening statements shall be shown to the opposite party in advance of trial.

10. The parties shall endeavor to agree on a single representative claim and a single accused product, as well as an agreed formula used to measure damages based on the representative claim and accused product.

11. Three-hole punched copies of admitted exhibits may be given to the jurors to place in their notebooks.

12. As each witness takes the stand, he/she shall be given a folder of the exhibits to be discussed. The Court and the opposite party shall be given a like folder including a list of the particular exhibits.

13. Jurors will be permitted to ask questions and take notes. The Court will screen the questions at the conclusion of each witnesses' testimony.

14. Each side shall have 35 hours in which to present its case. This time shall cover direct and cross-examination; it does not include opening and closing arguments. Cross-examination is limited to 1.5 times a witness testifies on direct. The Court will keep time.

15. To the extent practicable the parties shall present direct testimony in declaration or narrative form which may be supplemented by questions. The written declaration or narrative shall be furnished to the opposing party in advance of the witness taking the stand. Redirect testimony shall be by question and answer.

16. The Court will give consideration to the innovation and trial practices described in the Model Case Management Order for Patent Cases published by the Section of the Intellectual Property Law of the American Bar Association as may be suggested by either party. (See http://www.lawnotes.com)

following trial.

5. Trial on the '038 issues relating to the VPRo II shall commence on January 23, 2006, with the final pretrial conference to be held on January 19, 2006.

6. The final pretrial on the '038 remaining issues relating to the VPRo I tie down and on the '931 and '539 seat shall be held February 23, 2006.

7. The provisions of the Case Management Order filed October 25, 2005, together with the Trial Requirements in Patent Cases attached, shall govern preparation of the final pretrial order, matters to be considered at the final pretrial conference, and preparation for trial, for each trial.

8. Any objections to this order shall be filed with the Court within two (2) business days.

SO ORDERED.

                                                  s/ Avern Cohn
                                                  **AVERN COHN**
                                      **UNITED STATES DISTRICT JUDGE**

Dated: <u>January 06, 2006</u>
      Detroit, Michigan