UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN SEATING COMPANY,

    Plaintiff,

-vs-

                    Case No. 1:01-cv-578
                    Hon: AVERN COHN

USSC GROUP, INC., et al.,

    Defendant.
    _____/

**MEMORANDUM DETERMINING JUDGMENT**
**AS FINAL FOR PURPOSE OF ENFORCEMENT AND APPEAL**

    This is a patent case. As filed, three different patents were claimed to be infringed by two different products manufactured by defendants. Eventually the case was bifurcated so that U.S. Patent No. 5,888,038 (the '038), that was claimed to be infringed by defendants VPRo devices which tied down wheel chairs in municipal buses, and U.S. Patent Nos. 4,917,931 and 5,0616,539 (the '931 and '539), that were claimed to be infringed by defendants' vandal resistant seats, could proceed separately. District Court proceedings as to the '038 patent have now been concluded by the Judgment entered on January 30, 2006, relating to the VPRo II device and by the Second Amended Supplemental Judgment entered June 27, 2006, as to the VPRo I device. Plaintiff has moved for a Fed.R.Civ.P. 54(c) certification so that the Second Amended Supplemental Judgment is made final for purposes of enforcement and appeal. Obviously the same certificate should be made for the Judgment of January 30, 2006. Defendant opposes certification essentially on the grounds that post-trial proceedings are not complete or the

1

Second Amended Supplemental Judgment certification will not affect the rights of defendant to challenge the jury's verdict.  Certification will not affect defendant's right to challenge the jury's verdict since what remains of the case, i.e., the claim of infringement of the '931 and '539 patents and any challenge to their validity and enforceability, have no relationship to plaintiff's rights regarding the jury's verdict on the '038 patent.  There is no just reason for delaying in making the judgments of January 30, 2006, and June 27, 2006, final for purposes of enforcement and appeal.  Certification as noted will not prejudge defendant's right to file post-trial motions or, on an appropriate theory, stay enforcement.  Accordingly, the Court will amend the Judgements of January 30 and June 27, 2006 as requested.

       SO ORDERED.


                                   <u>s/ Avern Cohn</u>
                                   **AVERN COHN**
                                   **UNITED STATES DISTRICT JUDGE**

Dated: July 18, 2006
       Detroit, Michigan