UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN SEATING COMPANY,

    Plaintiff,

-vs-

    Case No. 01-00578
    Hon: AVERN COHN

USSC GROUP, INC., et al.,

    Defendant.
_____/

**ORDER ON PREJUDGMENT INTEREST**

On July 18, 2006, the Court entered a Consolidated Amended Final Judgment in favor of plaintiff in the amount of $2,326,129.00. Now before the Court is plaintiff's motion styled Plaintiff's Motion to Alter or Amend Judgment to Include Prejudgment Interest.

An award of prejudgment interest as well as the rate is a matter committed to the discretion of the Court. See Schwartz, Herbert F., Patent Law and Practice § 8V.1 (4th ed. 2003). The Court has traditionally awarded prejudgment interest in patent cases at the rate of prime plus one and one-half percent, simple interest computed monthly, from the date the complaint was filed, in this case September 7, 2001. See, Memorandum on Prejudgment Interest (Exhibit A) attached. Here, plaintiff asks for its borrowing rate from time to time compounded annually. This is less than prime plus one and one-half percent. Also, compounding interest annually results in a lesser amount than simple interest compounded monthly.

Accordingly, the interest rate and manner of computation requested by plaintiff is reasonable and shall be the rate and manner of computation for payment of prejudgment interest in this case.

Within ten (10) days after notice to defendant, plaintiff shall present to the Court a calculation of prejudgment interest consistent with this order. Defendant shall have five (5) days to take exception.

SO ORDERED.

_____
**AVERN COHN**
**UNITED STATES DISTRICT JUDGE**

Dated: AUG 22 2006
Detroit, Michigan

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


Judge's Copy

INVACARE CORPORATION,

        Plaintiff,

v.

ORTHO-KINETICS, INC., and
EDWARD J. GAFFNEY,

        Defendants.
_____/

Civil Action No. 1:89-CV-0188
JUDGE AVERN COHN

FILED Oct 21 12 37 PM '97

### MEMORANDUM ON PREJUDGMENT INTEREST

On July 14, 1997, the Court entered an order awarding defendants prejudgment interest on the judgments they obtained[1] in this patent infringement case at the rate of one-half percent over prime, simple, based on what it stated was its historical record on awards of prejudgment interest. Defendants have moved for reconsideration on the grounds the Court erred in its view of history. Defendants are correct. The motion for reconsideration is GRANTED.

Beginning with its decision in <u>Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Co.</u>, 522 F. Supp. 919 (E.D. Mich. 1981), an ERISA delinquent contributions case, the Court has generally exercised its discretion in setting the rate on prejudgment interest at the market, i.e the rate which the

---

[1] The judgment in favor of defendant Ortho-Kinetics (Ortho) was $1,112,295.86 representing lost profits; the judgment in favor of Ortho and defendant Edward J. Gaffney (Gaffney) was for $948,898.40 representing a reasonable royalty. The judgments are dated February 20, 1997.

successful party would be required to pay for borrowed money. The Court has also exercised its discretion to require only simple interest. See Bott v. Four Star Corp., 229 U.S.P.Q. 241, 250 (E.D. Mich. 1985), aff'd in part and rev'd in part, 807 F.2d 1567 (Fed. Cir. 1986) (awarding prime plus one-half percent simple, entitling plaintiff to earn at least the rate of interest it would likely have paid for borrowed money); see also Kearns v. Ford Motor Co., No. 78-70740, Memorandum And Order On Award Of Interest, slip op. at 3-4 (E.D. Mich. Sept. 27, 1990) (awarding two percent over prime, because the rate at which the patent owner must borrow is a reasonable standard); Kearns v. Chrysler Corp., No. 82-70748, Memorandum And Order, slip op. at 9 (E.D. Mich. August 24, 1992) (same rate and reasons as in previous decision in Kearns v. Ford Motor Co.); and Code-Alarm, Inc. v. Electromotive Technologies Corp., No. 87-74022, Memorandum And Order, slip op. at 8 (E.D. Mich. Apr. 28, 1995) (same rate and reasons as in both Kearns cases).

Here, Ortho appears to have paid at least prime plus two percent for borrowed money, while Gaffney does not appear to have borrowed money. Here also, it appears that from filing to judgment, this case has taken longer to come to a conclusion than is reasonable. While the delay was not the fault solely of plaintiff or of defendant or indeed the Court, which bears some responsibility, the rate of prejudgment interest is discretionary with the Court and should take into consideration the totality of the circumstances. In the particular circumstances of this case,

especially the length of time it has been pending, the appropriate rate of prejudgment interest is prime plus one and one-half percent, simple.

The Court is satisfied the parties can reach agreement on the actual amount to be paid. If the parties are unable to agree, defendants shall present an appropriate order on notice.

```
                              _____
                                       AVERN COHN
                              UNITED STATES DISTRICT JUDGE
```

DATED: OCT 21 1997

DETROIT, MICHIGAN

3